AO 245B (Rev. 9/00) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>*(For Offenses Committed On or After November 1, 1987)* |
| | CASE NUMBER:   8:00-cr-382-T-26MSS |
| vs. | |
| HOWARD LEE GLOVER | Defendant's Attorney:   Frank Zaremba & Adam Allen (pda) |

THE DEFENDANT:

__ pleaded guilty to count(s) .
_X_ was found guilty on count(s) One, Twenty, Twenty-One, Twenty-Two after a plea of not guilty.

ACCORDINGLY the Court has adjudicated that the defendant is guilty of the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Defraud the United States | February 1998 | One |
| 18 U.S.C. §1341 | Mail Fraud | February 1998 | Twenty - Twenty-Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

__ The defendant has been found not guilty on count(s)
_X_ Count(s) Five - Seven, Ten - Fifteen are dismissed pursuant to the directive of the Eleventh Circuit Court of Appeals.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| | Date of Re-Sentence: December 2, 2005 |
| Defendant's USM No.:        39352-018 | |
| | RICHARD A. LAZZARA<br>UNITED STATES DISTRICT JUDGE |
| | DATE: December ____, 2005 |

AO 245B (Rev. 9/00) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| Defendant: | HOWARD LEE GLOVER | Judgment - Page 2 of 6 |
| Case No.: | 8:00-cr-382-T-26MSS | |

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TIME SERVED** as to each Count of Conviction. (1, 20, 21, 22 of the Indictment)

\_ The court makes the following recommendations to the Bureau of Prisons:

\_\_ The defendant is remanded to the custody of the United States Marshal.
\_\_ The defendant shall surrender to the United States Marshal for this district.

      \_\_ at \_\_ a.m./p.m. on \_\_.
      \_\_ as notified by the United States Marshal.

\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      \_\_ before 2 p.m. on \_\_.
      \_\_ as notified by the United States Marshal .
      \_\_ as notified by the Probation or Pretrial Services Office.

## RETURN

      I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| Defendant: | HOWARD LEE GLOVER | Judgment - Page _3_ of _6_ |
| Case No.: | 8:00-cr-382-T-26MSS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to each Count One, and Twenty - Twenty-Two. Such terms to run **CONCURRENT** with each other with credit for time completed.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

    \_    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

    XX    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the following standard conditions that have been adopted by this court and any additional conditions on the next page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B ( Rev. 9/00) Sheet 3a - Supervised Release

| | |
|---|---|
| Defendant: | HOWARD LEE GLOVER |
| Case No.: | 8:00-cr-382-T-26MSS |

Judgment - Page _4_ of _6_

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

_     The defendant shall participate in the Home Detention program for a period of __. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

XX     The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency (inpatient or outpatient) which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

XX     The defendant shall not contact the U.S. Attorney's Office or its Agents except through counsel as a provision of his pretrial release.

XX     Until such time as the fine is paid in full, the defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without the approval of the Probation Officer. The defendant shall provide the Probation Officer access to any requested financial information.

XX     The defendant shall provide the Probation Officer a list of customers with whom the defendant conducts business as requested by the Probation Officer, but at a minimum of once a year.

AO 245B (Rev. 9/00) Sheet 5, Part A  - Criminal Monetary Penalties

| | |
|---|---|
| Defendant:    HOWARD LEE GLOVER | Judgment - Page _5_ of _6_ |
| Case No.:      8:00-cr-382-T-26MSS | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| Assessment | Fine | Total Restitution |
|---|---|---|
| $400.00 | $5,000.00 | N/A |
| $900.00 credit | | |

For counts dismissed to be applied to the fine. Will leave a balance of **$1,134.00 fine still due.**

____    The determination of restitution is deferred until __. An *amended judgment in a criminal case* (AO 245C) will be entered after such determination.

____    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| **Totals:** | $ | $ | |

____    If applicable, restitution amount ordered pursuant to plea agreement $_____.

____    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

____    The court determined that the defendant does not have the ability to pay interest, and is ordered that:

____    the interest requirement is waived for the _____ fine and/or _____ restitution.

____    the interest requirement for the _____ fine and/or _____ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/00) Sheet 5 Part B - Criminal Monetary Penalties

| | |
|---|---|
| Defendant:   HOWARD LEE GLOVER | Judgment - Page _6_ of _6_ |
| Case No.:   8:00-cr-382-T-26MSS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A.      ___ Lump sum payment due immediately

_____ not later than _____, or

_____ in accordance with _____C, _____D, or _____E below; or

B.      _XX_ Payment to begin immediately  and continue to make payments to the best of your ability until this obligation is satisfied.  If in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Officer.

C.      _____ Payment in _____ installments of $_____ over a period of _____ months, to commence _____ days after date of this judgment.

D.      _____ Payment in ____ installments of $_____ over a period of _____, to commence _____ after release from imprisonment to a term of supervision; or

E.      _____ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons "Inmate Financial Responsibility Program", are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___      Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

___      The defendant shall pay the cost of prosecution.

___      The defendant shall pay the following court cost(s):

___      The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order:  (1) assessment; (2) restitution principal (3) restitution interest (4) fine principal; (5) community restitution (6) fine interest; (7) penalties and (8) costs, including cost of prosecution and court costs.